(Licking County, Ohio,, Common Pleas.)

THE CITY OF NEWARK, BY EDWARD KIBLER, AS CITY SOLICITOR v. THE NEWARK, OHIO, WATER-WORKS COMPANY.

---

*Contract of city with Water Works Co.— What rules are reasonable—Violation of injunction to restrain enforcement of unreasonable rules does not involve forfeiture of franchise, but proceeding in contempt of court against the proper officer or employe of the company.*

WICKHAM, J.

The case of The City of Newark v. The Newark, Ohio, Water Works Company, was submitted to the court upon the evidence and the pleadings.

This cause is a suit brought to enjoin the Newark, Ohio, Water Works Company, from enforcing certain rules adopted by it, which, it is claimed are in contravention of a contract previously entered into between the City of Newark, and the Water Works Company. A temporary injunction was granted by this court, and, on motion to modify, the motion was overruled, and the cause was taken to the circuit court, and there tried last term. The reasonableness and legality to the rules that are complained of were submitted to the circuit court, and they have passed judgment upon them; and, so far as these rules are concerned, there is nothing left for this court to determine as to their reasonableness or unreasonableness.

The circuit court say of the rules that are set out in the petition, and complained of as being unreasonable:

"Now, these sections (meaning the sections of the rules,) are numerous, and in this connection, I can do little more than read them, and announce the result to which the court has arrived.

"Sec. 2. The introduction of service pipe for the supply of premises with water, and all plumbing of every description for the use or distribution thereof, must be done by plumbers licensed by the company, and who shall be under bonds to the company for the faithful performance of their work, in accordance with the rules and regulations of the company.

"We haven't been able to find anything in the contract between the city and The Water Works Company, that would warrant or justify that regulation.

"Sec. 9. The season for the use of water for street or lawn sprinklers or yard fountains, begins on April 1st, and expires on October 1st.

"What I have said as to sec. 2, (says the court), applies also to that paragraph of sec. 9; and also to this: No abatetment in the regular charge will be made for any fractional part of the term. And this: The use of hand-hose or street and lawn sprinkling, will not be allowed between the hours of 9 a. m. and 5 p. m. And the latter part of sec. 9:—"Parties taking water for sprinkling must pay for both the lawn and the street.

"Sec. 20. The Water Works Company, or any private consumer, may, at any time, furnish or pay for water at meter rates, notwithstanding any contract or agreement to the contrary. The Water Works Company will furnish meters whenever used by their order; but if meters are placed upon pipes of private consumers at their request, such consumers shall pay for the meters and the necessary expenses of connecting meters to their pipes.

"We think the first sentence or paragraph of that sec. 20, is not reasonable, and not according to the contract between the parties.

"Sec. 24. The company reserves the right to change the rules and regulations and the rates for the use of water from time to time, and to make special rates or contracts in all proper cases.

"We think that that would be in accordance with the contract if it were added: "not exceeding the contract rates.

"Sec. 28. There will be no annual charge of less than $5.00 for water even if the specified uses amount to less than that sum. In case of a meter reading less than 15,000 gallons per year, there will be the same charge of $5.00 for that time.

"We find nothing in the contract to warrant that.

"Now, as to these paragraphs and sections which I have read, we think that the temporary injunction was properly allowed.

"As to the matters specified here in the petition which I have not read, we think the injunction should not have been allowed, and particularly that paragraph of the Rules and Regulations, which says that the Water Works Company had the right to collect what was due them in advance. It was conceded in argument that that was a reasonable regulation, and within the contract.

"The judgment of the court of common pleas will be reversed in part, and affirmed in part.

"The judgment is reversed as to secs. 12, 14, 16, 17, 21, 23, 24, and 26; and affirmed as of secs. 2, paragraphs 1, 2, 3 and 4, of sec. 9, (I think that is a mistake; I think they meant 1, 2, 3, and 6;) "sec. 20 and sec. 28."

Now, the circuit court having indicated what rules were reasonable and unreasonable

it remains as they have placed it, until it is reversed by a higher court; and this court would not be able to say, in direct conflict with the circuit court, that certain rules that they say are reasonable, were unreasonable, or to say that certain rules that they say are unreasonable, were reasonable.

There is one rule, however, that they have not said anything about, and that is rule 22.

"Water will not be furnished through a yard hydrant, without the usual household rate being paid in addition to the usual sprinkling rate.

"Goose-necks will not be allowed to be attached to street washers. The water will be turned off wherever they are found in use."

Whether that is reasonable or unreasonable, there is no evidence as to what goose-necks are, and whether their use would be reasonable or unreasonable.

Now the petition prays for a perpetual injunction restraining the defendant from enforcing these rules, and also requiring the defendant to comply with the contract entered into between the defendant and the City of Newark with regard to the tariff rate for water; and it is submitted to this court upon the evidence.

Now, I take it that if this court finds from the testimony adduced in the case that there is evidence proving that the company has undertaken to enforce these rules that the circuit court have declared unreasonable, that it is the duty of this court to make the injunction perpetual, and that is the only thing, as I understand it, before the court. The rules and the contract are set out in the petition. The testimony of the different witnesses in the case conflicts but little, if any. I have gone over the full testimony of the different witnesses, and the testimony of the superintendent and receiver of the company does not vary materially from the testimony of the witnesses for the plaintiff. He, however, was a witness for the plaintiff, as well as a witness for the defendant.

He says in his testimony, and admits that Mr. Barrett was charged the sum of five dollars and seventy cents, for lawn sprinkling from July 3, to the end of the year, 5720 square feet of surface. That would be a charge in excess, as it seems, of the contract rate; the circuit court having found that that rule, requiring consumers of water to pay for a full season when they use water only a part of the season, is unreasonable. If that is unreasonable, then it would not be right for the company to charge any person the same rate from the first of July to the end of the year, as they would charge for the whole year or season.

Mr. Veach admitted in his testimony that Mr. Rhoads, who used water from the meter, was charged five dollars per year for his water when the meter did not register that amount of water according to the contract. At one time it was about a dollar or eighty cents less a year, and at one time only six cents, it is said. However, the charge of five dollars for the use of water was more than the water would come to at the meter rate.

Mr. Veach admitted that the company charged Mr. Swisher five dollars for lawn sprinkling, from July 1st to the end of the year, and it was against Mr. Swisher's protest. The testimony of Mr. Veach is, that Mr. Swisher said: Well, I don't want to pay it, but I suppose I will have to pay it or do without water. And the testimony of the superintendent was, that he said to Mr. Swisher: If you get the water, you will have to pay for it. You will have to pay the price we ask or you will get no water. That was the substance of the testimony. Now, these witnesses who testified,—Barrett, Rhoads, Swisher and Mrs. Barrett,—without any doubt, prove the facts alleged in the petition with regard to these charges. And also that the contract rates have been exceeded by the company.

I think a decree should be entered making the injunction perpetual; and a decree may be entered in accordance with the prayer of the petition, with the exception that it should conform to the decree of the circuit court in modifying the temporary injunction heretofore allowed in this case; and except also as to that part of the prayer of the petition that ask the court to decree that the penalty for violating the order of injunction shall be a forfeiture of the company's franchise.

The first part of rule 22 may be included with those found by the circuit court to be unreasonable and in violation of the contract, as that rule was not passed upon by the court.

The plaintiff in its petition asks that the court declare that if the company violates the order of injunction that their franchise be forfeited. I do not understand sec. 1777 to go that far. Sec. 1777, provides that the city solicitor may bring an action on behalf of the corporation for the purpose of declaring a forfeiture, or injunction,—that the court may declare a forfeiture of a franchise, or an injunction restraining persons, artificial or otherwise, from doing certain acts. This is an alternative remedy, and not cumulative, as I understand. If the company is enjoined, and the order of injunction is violated by any person for the company, the courts are open for the punishment of the person, and not for a forfeiture of its franchise. I understand it to mean that under certain circumstances, and certain facts, a company would forfeit its franchise by doing certain things; and that if such facts exist and such circumstances, then an action may be brought by the city solicitor, and asking the court to declare a forfeiture of the franchise.

A decree may be entered as indicated.